SYBLE ALEXANDER, AS ADMINISTRATRIX OF THE ESTATE OF ARCHIE COLEMAN ALEXANDER v. PILOT LIFE INSURANCE COMPANY

No. 842SC1175

(Filed 2 July 1985)

**Insurance § 41— health insurance—treatment for pneumonia within exclusion period—later diagnosis of lung cancer**

In an action to recover benefits on a health insurance policy, there was no error in the denial of defendant's motions for summary judgment and for a

peremptory instruction as to its defense of an exclusion under the policy clause for preexisting conditions where the policy defined preexisting condition as an injury or sickness for which medical care was received during the three-month period before becoming insured; plaintiff's decedent had been admitted to the hospital on 7 September 1981 complaining of pain in his left chest and bloody sputum; he was treated for pleurisy and pneumonia and discharged on 13 September; the policy was issued on 21 September; he died of lung cancer on 5 July 1982; and there was medical testimony that the first findings, while consistent with cancer, should not have been limited to cancer. A jury could have inferred that the medical care received prior to 21 September was not for cancer.

APPEAL by defendant from *Lewis, John B., Jr., Judge.* Judgment entered 5 July 1984 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 15 May 1985.

This is an action to recover benefits on a health insurance policy issued to Archie Coleman Alexander. The policy was issued on 21 September 1981 and Archie Coleman Alexander died of lung cancer on 5 July 1982. The defendant refused payment on the ground that coverage is excluded by a paragraph in the policy which provides that no payment will be made for a condition that was treated within 90 days before the effective date of the policy. The defendant moved for summary judgment which motion was denied. At the end of the evidence the defendant moved for a peremptory instruction which was also denied. The jury found for the plaintiff. The defendant appealed from a judgment entered on the verdict.

*Michael A. Paul and Carter, Archie and Hassell, by Sid Hassell, Jr., for plaintiff appellee.*

*Rodman, Holscher and Francisco, by Edward N. Rodman, for defendant appellant.*

WEBB, Judge.

The defendant assigns error to the denial of its motions for summary judgment and for a peremptory instruction as to its defense of an exclusion from the coverage under the policy. These two assignments of error present the same question. That question is whether the jury could only conclude from the evidence that the plaintiff's claim is barred by a provision in the policy which excludes coverage for a pre-existing condition and defines a pre-existing condition as follows:

5. "Pre-existing condition" means an injury or sickness for which you or a dependent received any medical care during the three month period just before becoming insured for Major Medical Expense Benefits under the Group Policy.

Dr. Charles O. Boyette testified that prior to the date the policy was issued he admitted the deceased to the hospital on 7 September 1981. Mr. Alexander was "complaining of pain in his left chest and bloody sputum, symptoms of pleurisy and pneumonia." An x-ray of his chest was made on the day of his admission and another was made on 11 September 1981. Each x-ray showed an upper left lung infiltrate which "means there may be infection or fluid accumulation in that particular area." Mr. Alexander was treated for pleurisy and pneumonia and was discharged on 13 September 1981 after the symptoms for pneumonia and pleurisy were improved.

Mr. Alexander returned to Dr. Boyette on 28 September 1981. An x-ray showed his upper left lung still had an infiltrate. A lung scan was done on 29 September 1981 which showed diminished activity in the area of the lung corresponding to the x-rays. Dr. Boyette testified this indicated either an inflammatory or thromboembolic disease and explained that a thromboembolic disease is the passage of a clot by the blood from one part of the body to another. He said, "[I]t could be fat or it could be tumor or perhaps other material that can be blood born or blood spread."

On 11 November 1981 Mr. Alexander returned to Dr. Boyette's office with "the history of having coughed up bright red blood for three mornings in a row." He was examined by Dr. Boyette who then referred him to Pitt Memorial Hospital on 16 November 1981. Mr. Alexander's condition was then diagnosed as lung cancer. In response to a question as to whether the findings at the time of the original treatment of Mr. Alexander had any significance with regard to the cancer, Dr. Boyette responded, "Those findings are indicative of many types of diseased process and not necessarily limited to malignancy." Dr. Boyette then testified as follows:

> Q. But after and in retrospect with the findings of the biopsy and analysis, this infiltrate and blunting of the costro-

phrenic angle would be significant with regard to the possibility of a lung . . . cancer of the lung?

A. Significant as to the possibility, and I emphasize possibility and not necessarily probability.

You may . . . again, it's a very indefinite type of consideration in the comparison we're making.

Q. But certainly it's consistent with a cancer?

A. Not totally. You have these abnormal findings and they clear up in time and never have a malignancy.

In order for the plaintiff to be barred by the exclusion in the policy it is necessary for Mr. Alexander within three months before 21 September 1981 to have received medical care for cancer. It certainly may be inferred from the evidence that although Mr. Alexander's condition was not diagnosed at the time of the treatments he received in September 1981 he was receiving medical care for cancer. We do not believe, however, that this is the only inference that may be made. As we read Dr. Boyette's testimony it is that although a later diagnosis showed Mr. Alexander had cancer and the first findings are consistent with a diagnosis of cancer nevertheless the diagnosis should not be limited to cancer. We believe a jury could infer from this testimony that the medical care received by Mr. Alexander prior to 21 September 1981 was not for cancer.

We do not believe *Hincher v. Hospital Care Asso.*, 248 N.C. 397, 103 S.E. 2d 457 (1958), relied on by the defendant, is controlling. In that case the exclusion was for "any condition, disease, or injury which existed on or before the effective date" of the policy. In this case the exclusion requires that there must be treatment for such a pre-existing condition. The jury has found in this case that there was no such treatment. We have held there is sufficient evidence to support this finding.

No error.

Chief Judge HEDRICK and Judge WHICHARD concur.